IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES ADEYEMI | : |
| | : |
| v. | : |
| | :  CIVIL NO. CCB-05-2360 |
| CHIMES DISTRICT OF COLUMBIA, INC. | : |
| ET AL. | : |

...o0o...

## MEMORANDUM

Now pending is a motion for summary judgment filed by defendant Chimes District of Columbia, Inc. ("Chimes") in this suit brought by a former employee, James Adeyemi, alleging discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101.  Because Mr. Adeyemi has offered no sufficient evidence to support his assertion that he was terminated because of his disability, deafness, or in retaliation for his assistance to his wife, Jessica Adeyemi, in her complaint against Chimes, rather than for refusal to perform a work assignment and other insubordinate behavior, the motion will be granted.

Chimes is a private agency providing employment opportunities for individuals with disabilities.  James Adeyemi was hired in February 2002 by Chimes to perform custodial services under a contract at BWI-Marshall Airport.  Over the several years of his employment, Mr. Adeyemi accumulated numerous written warnings and an occasional suspension for activities such as sleeping on the job and refusing to perform work assignments.  These disagreements are chronicled in both the defendant's motion and Mr. Adeyemi's opposition.

The incident leading to his termination occurred on April 2, 2005, when he refused a work assignment and, upon being told he was suspended, left without turning in his security badge as required.  Whether accidentally or not, he made physical contact with a supervisor who was requesting the badge, and only surrendered it when later confronted by a police officer.  After investigation, Chimes determined the incident warranted termination.

On May 11, 2005, Mr. Adeyemi filed a charge with the EEOC alleging that the discharge was based on his disability and as retaliation for assisting his wife, Jessica Adeyemi, in filing a charge with the EEOC and a later complaint in this court (CCB-05-1012).  After the EEOC found no probable cause, Mr. Adeyemi filed suit in Anne Arundel County Circuit Court, and Chimes removed the case to this court.

Chimes is entitled to summary judgment on all of Mr. Adeyemi's claims.[1]  Whether the decision to terminate Mr. Adeyemi was fair and reasonable (and based on the record it appears it was, despite the fact that some of the customers at BWI were happy with his work) is not the appropriate question in a suit under the ADA.  Mr. Adeyemi has produced absolutely nothing to show that the discharge was based on his deafness, and nothing other than, arguably, closeness in time to show that the discharge was retaliatory.  Even assuming he has established a prima facie case, he cannot show that the legitimate reason given by Chimes was pretextual, much less that it was a pretext that would permit an inference of discrimination or retaliation.  *See Reeves v. Sanderson Products, Inc.*, 530 U.S. 133, 143-44 (2000); *Rowe v. Marley Co.*, 233 F.3d 825, 829-30 (4th Cir. 2000).[2]

Accordingly, the defendant's motion will be granted by separate Order.

| | |
|---|---|
| October 12, 2006 | /s/ |
| Date | Catherine C. Blake |
| | United States District Judge |

---

[1] It is not clear whether Mr. Adeyemi intended to raise additional claims in this complaint that were not raised with the EEOC, such as failure to promote to a supervisory position.  Any additional allegations not presented to the EEOC, are subject to dismissal for failure to exhaust his administrative remedies.  *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 508-10 (4th Cir. 2005).

[2] Nor has Mr. Adeyemi shown any basis for his unfortunate attacks on defense counsel, who have been both professional and reasonable throughout this protracted litigation.